1  NATHANIEL POTRATZ, ESQ., SBN 215734
   GORDON BONES, ESQ., SBN 147679
2  LAW OFFICES OF NATHANIEL POTRATZ
   4790 Dewey Drive, Suite A
3  Fair Oaks, California 95628
   Telephone:    (916) 962-2780
4  Facsimile:    (916) 962-2705

5  Attorneys for Plaintiff
   BENJAMIN HERTE

6

7

8                    UNITED STATES DISTRICT COURT

9          EASTERN DISTRICT OF CALIFORNIA (SACRAMENTO)

10  _____

11  BENJAMIN HERTE,                    )   Case No.:
                                       )
12              Plaintiff,             )   **COMPLAINT FOR DAMAGES**
                                       )
13  v.                                 )   1.   **WRONGFUL TERMINATION**
                                       )        **DUE TO MENTAL**
14  GUITAR CENTER, Inc., a corporation; JOSE )     **DISABILITY (In Violation of**
    BLANCO, in his official and/or agency  )      **Fair Employment and Housing**
15  capacity, and not his individual capacity; DOES)  **Act, Cal. Gov. Code § 12900 *et***
    1-10, inclusive,                   )        ***seq.*)**
16                                     )   2.   **UNLAWFUL HARASSMENT**
                Defendants.            )        **DUE TO MENTAL**
17                                     )        **DISABILITY (In Violation of**
                                       )        **Fair Employment and Housing**
18  _____)   **Act, Cal. Gov. Code § 12900 *et***
                                                ***seq.*)**
19                                         3.   **UNLAWFUL**
                                                **DISCRIMINATION DUE TO**
20                                              **MENTAL DISABILITY (In**
                                                **Violation of Fair Employment**
21                                              **and Housing Act, Cal. Gov. Code**
                                                **§ 12900 *et seq.*)**
22                                         4.   **UNLAWFUL DENIAL OF**
                                                **ACCOMMODATION TO**
23                                              **EMPLOYEE WITH MENTAL**
                                                **DISABILITY (In Violation of**
24                                              **Fair Employment and Housing**
                                                **Act, Cal. Gov. Code § 12900 *et***
25                                              ***seq.*)**
                                           5.   **UNLAWFUL DENIAL OF**
26                                              **LEAVE RIGHTS TO**
                                                **EMPLOYEE WITH MENTAL**
27                                              **DISABILITY (In Violation of**
                                                **Fair Employment and Housing**
28                                              **Act, Cal. Gov. Code § 12900 *et***

_____

*seq.*)
6.    **VIOLATION OF FMLA AND CFRA**
7.    **RETALIATION (In Violation of Fair Employment and Housing Act, Cal. Gov. Code § 12900 *et seq.*)**
8.    **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY (TAMENY CLAIM)**
9.    **NEGLIGENCE**
10.   **VIOLATION OF ADA**

**DEMAND FOR JURY TRIAL**

COMES NOW Benjamin Herte ("Plaintiff"), who alleges as follows:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction over the defendants because they are residents of and doing business in the State of California and this case includes a federal claim or question.

2.    Venue is proper in this judicial district because the defendants reside in this judicial district and/or the alleged wrongs occurred in this judicial district.

3.    Plaintiff has complied with all local statutory requirements prior to initiating this lawsuit.  Accordingly, a "Right to Sue" letter has been issued by the California Department of Fair Employment and Housing, which acts as a sister agency for the federal EEOC.

**PARTIES**

4.    Plaintiff at all times alleged in this Complaint was an employee of Defendant Guitar Center, a corporation, and worked under and was subordinate to manager/supervisor Jose Blanco.

5.    At all times herein mentioned, Plaintiff was a resident of the County of Sacramento, State of California, and was employed by Defendants.

6.    At all times herein mentioned, Defendant Guitar Center, a corporation, was doing business in the State of California.

7.    At all times herein mentioned, Defendant Guitar Center, a corporation, was regularly employing 50 or more persons.

8.    At all times herein mentioned, Defendant Jose Blanco was an agent and

1  supervisor of Defendant Guitar Center, a corporation.

2      9.    The true names and capacities, whether corporate, associate, individual or

3  otherwise of Defendants, Does 1 through 10, inclusive, are unknown to Plaintiff, who therefore

4  sues said Defendants by such fictitious names pursuant to California Code of Civil Procedure

5  §474. Each of the Defendants designated herein as a Doe is negligently or otherwise legally

6  responsible in some manner for the events and happenings herein referred to and caused injuries

7  and damages proximately thereby to the Plaintiff, as herein alleged.  Plaintiff will ask leave of

8  Court to amend this Complaint to show their true names and capacities when the same have been

9  ascertained.

10     10.    At all times herein mentioned, Defendants, and each of them, were the agents,

11  representatives, employees, aiders and abettors, successors and/or assigns, each of the other and

12  at all times pertinent hereto were acting within the course and scope of their authority as such

13  agents, representatives, employees, aider and abettor, successors and/or assigns.  Each of the

14  Defendants assented to, ratified, authorized and/or acquiesced in the acts of each of the other

15  Defendants.

16                   **FACTS COMMON TO ALL CAUSES OF ACTION**

17     11.    The following is my summary of what happened, it does not include everything

18  that occurred but is a good faith summary of what occurred:

19     September 11, 2007, I went to Guitar Center in Roseville to turn in a doctor's note,

20  extending my medical leave of absence. My leave of absence was due to my job related

21  disability.  The original leave was to end today 9/11/07, and so at approximately 10:30am, I

22  called the store asking to speak with operations manager Justin Depew. The person who

23  answered was store manager Jose Blanco. He informed me that Justin was on vacation. So I

24  informed Jose that I would be bringing in a note this evening, and before I could tell him what it

25  was about, he said that was fine and hung up. So at approximately 7:10pm, I arrived at the store

26  to catch operations assistant Katlin Maxfield leaving the building. I told her of the situation -that

27  I was extending my medical leave, and presented her with my doctor's note. She reacted with

28  surprise, and informed me that she could not accept it, due to the fact that I had been terminated

1   "a month or so ago."  She told me that she personally saw my termination paperwork being

2   filled out "a month or so ago".

3           I was shocked to hear this, since my leave paperwork <u>clearly</u> stated that my medical

4   leave was active until today. Curious, I went inside, and encountered Assistant Store Manager

5   Nicholas Ikeda, and asked him if it was possible to see my file to determine if this was a

6   mistake, or if I had in fact, been terminated.

7           We went to the file cabinet in the operations office, but the cabinet was locked. We then

8   went to Jose's office to check the files kept there. My file was not among them. I then asked

9   Nick to bring up the Master Employee Database, kept on the network terminal. This database

10  shows both the hire dates and termination dates (where applicable), of all Guitar Center

11  employees, all the way back to the mid 1990s. When he brought up my file in the system, my

12  termination date was listed as 6/6/07 -which was my last actual day before my leave began. I

13  was very shocked and surprised.  Nick was very surprised and shocked by this, as was Assistant

14  Manager Jarrett Ross.  Neither of whom had been informed that this was supposedly the case.

15  Furthermore, no other Guitar Center employee I spoke with was aware of this, excluding Ms.

16  Maxfield, and possibly some other person involved in the paperwork, though no one informed

17  me of me supposedly being fired on 6/6/07, nor was I given any paperwork.  In fact, just the

18  opposite, I was repeatedly told by management that I was still employed but on medical leave of

19  absence.

20          Compounding the issue, I have never received my final paycheck, nor payment for

21  accrued vacation pay, nor COBRA information required by law, nor any other materials or

22  paperwork that relate to this matter.  Additionally, I have official Guitar Center documents

23  showing my continued employment past June 6th , such as a vacation request and my medical

24  leave request, both signed and dated by Operations Manager Justin Depew.

25          I believe very strongly that Guitar Center unlawfully discriminated and retaliated against

26  me because of my disability and my asserting my leave rights, and failed to provide me

27  accommodations required by law, and terminated me due to my disability and my asserting my

28  leave rights.  The supposed termination date of 6/6/07, the last day before my leave began, is a

3

1    complete fabrication.

2    ## FIRST CAUSE OF ACTION

3    **WRONGFUL TERMINATION DUE TO MENTAL DISABILITY**

4    **(In Violation of Fair Employment and Housing Act, Cal. Gov. Code § 12900 *et seq.*)**

5    (Against All Defendants and Does 1 through 10)

6    12.    Plaintiff hereby realleges and incorporates by this reference paragraphs 1 through

7    11 of the Complaint, as if fully set forth herein.

8    13.    Plaintiff has or had a mental disability and is thus a member of a protected class

9    under the Fair Employment and Housing Act.

10    14.    Defendants wrongfully terminated Plaintiff because of Plaintiff's mental disability.

11    15.    Said employment, provided for, among other things, Plaintiff's salary, benefits,

12    paid time off, vacation, sick leave, retirement plan, pay raises, and other rights and benefits.

13    16.    Prior to his mental disability, Plaintiff's work performance was good or even

14    excellent, and he was not written up or subjected to employment discipline.

15    17.    Defendants did this unlawfully and with the malicious pretext that they were

16    unable to accommodate him and/or that he was terminated prior to going out on leave.

17    18.    Plaintiff believes and alleges that Plaintiff's mental disability was a substantial or

18    determining factor in Defendants' decision to unlawfully terminate Plaintiff.

19    19.    Defendants' conduct as alleged in this complaint constitutes an unlawful

20    employment practice in violation of Cal. Gov. Code §12900 *et seq.*

21    20.    As a direct, foreseeable, and proximate result of Defendants' unlawful acts,

22    Plaintiff has suffered and continues to suffer substantial losses in earnings and job benefits, and

23    has suffered and continues to suffer depression, anxiety, mental and emotional distress, and

24    discomfort, all to Plaintiff's damage in an amount within the jurisdictional limits of this Court, to

25    be established according to proof at trial.

26    21.    Defendants committed the acts described in this complaint oppressively, or

27    maliciously, and/or with conscious disregard to Plaintiff's rights, entitling Plaintiff to an award of

28    punitive damages against Defendants in an amount appropriate to punish and make an example

1   of Defendants.

2        WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as set

3   forth hereinbelow.

4                          **SECOND CAUSE OF ACTION**

5            **UNLAWFUL HARASSMENT DUE TO MENTAL DISABILITY**

6   **(In Violation of Fair Employment and Housing Act, Cal. Gov. Code § 12900 *et seq.*)**

7                   (Against All Defendants and Does 1 through 10)

8        22.   Plaintiff hereby realleges and incorporates by this reference paragraphs 1 through

9   21 of the Complaint, as if fully set forth herein.

10       23.   Plaintiff has or had a mental disability and is thus a member of a protected class

11  under the Fair Employment and Housing Act.

12       24.   Defendants wrongfully harassed Plaintiff because of Plaintiff's physical disability.

13       25.   Plaintiff's physical disability was a substantial and/or determining factor in

14  Defendants' decision to unlawfully harass Plaintiff, including terminating Plaintiff.

15       26.   Defendants' conduct as alleged in this complaint constitutes an unlawful

16  employment practice in violation of Cal. Gov. Code §12900 *et seq*.

17       27.   As a direct, foreseeable, and proximate result of Defendants' unlawful acts,

18  Plaintiff has suffered and continues to suffer substantial losses in earnings and job benefits, and

19  has suffered and continues to suffer depression, anxiety, mental and emotional distress, and

20  discomfort, all to Plaintiff's damage in an amount within the jurisdictional limits of this Court, to

21  be established according to proof at trial.

22       28.   Defendants committed the acts described in this complaint oppressively, or

23  maliciously, and/or with conscious disregard to Plaintiff's rights, entitling Plaintiff to an award of

24  punitive damages against Defendants in an amount appropriate to punish and make an example

25  of Defendants.

26       WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as set

27  forth hereinbelow.

28                          **THIRD CAUSE OF ACTION**

COMPLAINT FOR DAMAGES

**UNLAWFUL DISCRIMINATION DUE TO MENTAL DISABILITY**

**(In Violation of Fair Employment and Housing Act, Cal. Gov. Code § 12900 *et seq.*)**

(Against All Defendants and Does 1 through 10)

29.     Plaintiff hereby realleges and incorporates by this reference paragraphs 1 through 28 of the Complaint, as if fully set forth herein.

30.     Plaintiff has or had a mental disability and is thus a member of a protected class under the Fair Employment and Housing Act.

31.     Defendants wrongfully discriminated against Plaintiff because of Plaintiff's mental disability.

32.     Plaintiff's mental disability was a substantial and/or determining factor in Defendants' decision to discriminate against Plaintiff, including terminating Plaintiff.

33.     Defendants' conduct as alleged in this complaint constitutes an unlawful employment practice in violation of Cal. Gov. Code §12900 *et seq*.

34.     As a direct, foreseeable, and proximate result of Defendants' unlawful acts, Plaintiff has suffered and continues to suffer substantial losses in earnings and job benefits, and has suffered and continues to suffer depression, anxiety, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount within the jurisdictional limits of this Court, to be established according to proof at trial.

35.     Defendants committed the acts described in this complaint oppressively, or maliciously, and/or with conscious disregard to Plaintiff's rights, entitling Plaintiff to an award of punitive damages against Defendants in an amount appropriate to punish and make an example of Defendants.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as set forth hereinbelow.

**FOURTH CAUSE OF ACTION**

**UNLAWFUL DENIAL OF ACCOMMODATION**

**TO EMPLOYEE WITH MENTAL DISABILITY**

**(In Violation of Fair Employment and Housing Act, Cal. Gov. Code § 12900 *et seq.*)**

6

(Against All Defendants and Does 1 through 10)

36.     Plaintiff hereby realleges and incorporates by this reference paragraphs 1 through 35 of the Complaint, as if fully set forth herein.

37.     Plaintiff has a mental disability and is thus a member of a protected class under the Fair Employment and Housing Act.

38.     Defendants unlawfully failed to provide accommodation for Plaintiff's mental disability.  Among other duties, Defendants have an affirmative duty to engage with Plaintiff in a good faith interactive process in order to provide accommodation to Plaintiff for his mental disability, which accommodations, among other things, includes modified duty and leave(s) of absence.

39.     Defendants' conduct as alleged in this complaint constitutes an unlawful employment practice in violation of Cal. Gov. Code §12900 *et seq*.

40.     As a direct, foreseeable, and proximate result of Defendants' unlawful acts, Plaintiff has suffered and continues to suffer substantial losses in earnings and job benefits, and has suffered and continues to suffer depression, anxiety, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount within the jurisdictional limits of this Court, to be established according to proof at trial.

41.     Defendants committed the acts described in this complaint oppressively, or maliciously, and/or with conscious disregard to Plaintiff's rights, entitling Plaintiff to an award of punitive damages against Defendants in an amount appropriate to punish and make an example of Defendants.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as set forth hereinbelow.

## FIFTH CAUSE OF ACTION

### UNLAWFUL DENIAL OF LEAVE RIGHTS

### TO EMPLOYEE WITH MENTAL DISABILITY

**(In Violation of Fair Employment and Housing Act, Cal. Gov. Code § 12900 *et seq.*)**

(Against All Defendants and Does 1 through 10)

7

42. Plaintiff hereby realleges and incorporates by this reference paragraphs 1 through 41 of the Complaint, as if fully set forth herein.

43. Plaintiff has a mental disability and is thus a member of a protected class under the Fair Employment and Housing Act.

44. Defendants unlawfully failed to provide leave for Plaintiff's mental disability.  For example, the EEOC has taken the position that, unless an employer can prove undue hardship, an employer is required to extend leave and hold a position open indefinitely. [EEOC "Enforcement Guidance: Reasonable Accommodation and Undue Hardship Under the Americans with Disabilities Act," (3/1/99), Q & A 17]. Moreover, according to the EEOC, if the employer proves that keeping the position open would constitute an undue hardship, "the employer must consider whether it has a vacant, equivalent position for which the employee is qualified and to which the employee can be reassigned to continue his/her leave for a specific period of time and then, at the conclusion of the leave, can be returned to this new position." [EEOC "Enforcement Guidance: Reasonable Accommodation and Undue Hardship Under the Americans with Disabilities Act," (3/1/99), Q & A 18].

45. Leave of absence issues may arise under the ADA or FEHA if an employee with a disability needs time off from work as a reasonable accommodation. Even though an employer has fully complied with the FMLA and CFRA, it may still face a claim that the employee is entitled to additional leave to accommodate the disability. Moreover, some employers who are not covered by the FMLA or CFRA are covered by the ADA and FEHA.  Also, other statutes (e.g., workers' compensation and Ca Labor § 132a (¶12:1795, all cites below refer to The Rutter Group "Employment Litigation") may provide an employee with leave entitlements. An employee's entitlement to leaves of absence under the various statutes are largely independent. If an employee is "disabled" within the meaning of the ADA or FEHA, the employer must consider whether a leave is required as a reasonable accommodation under those statutes, regardless of whether the employee is entitled to a leave under the FMLA or CFRA (see > ¶12:1705 ff.).  The workers' compensation laws and Ca Labor § 132a do not excuse or modify employer obligations because of the concurrent application of the FMLA/CFRA or ADA/FEHA (or vice-versa). [See

1  City of Moorpark v. Sup.Ct. (Dillon) (1998) 18 Cal.4th 1143, 1156-1158--disabilities due to

2  occupational injury or illness covered by FEHA]. The 12-week maximum under the

3  FMLA/CFRA (see ¶12:390 ff.) does not limit the length of a leave entitlement under the

4  California Workers' Compensation Act. 12:1785: An employee who suffers a work-related injury

5  and needs time off to recover entitled to leave rights of indefinite duration. See EEOC

6  "Enforcement Guidance: Reasonable Accommodation and Undue Hardship Under the Americans

7  with Disabilities Act," (3/1/99), Q & A 17]. While California case law concerning workers'

8  compensation leaves provides that an employer may replace an employee when compelled to do

9  so by business realities (see  ¶12:1797 ff.), an employer may not replace an employee during the

10 first 12 weeks of absence if the leave also qualifies as an FMLA/CFRA leave.  12:1830:

11 Employers must evaluate employees' situations under the statutes and then follow the law that is

12 most protective of employee rights.

13      46.     Defendants' conduct as alleged in this complaint constitutes an unlawful

14 employment practice in violation of Cal. Gov. Code §12900 *et seq.*

15      47.     As a direct, foreseeable, and proximate result of Defendants' unlawful acts,

16 Plaintiff has suffered and continues to suffer substantial losses in earnings and job benefits, and

17 has suffered and continues to suffer depression, anxiety, mental and emotional distress, and

18 discomfort, all to Plaintiff's damage in an amount within the jurisdictional limits of this Court, to

19 be established according to proof at trial.

20      48.     Defendants committed the acts described in this complaint oppressively, and/or

21 maliciously, and/or with conscious disregard to Plaintiff's rights, entitling Plaintiff to an award of

22 punitive damages against Defendants in an amount appropriate to punish and make an example

23 of Defendants.

24      WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as set

25 forth hereinbelow.

26                      **SIXTH CAUSE OF ACTION**

27                  **VIOLATION OF FMLA AND CFRA**

28                  (Against All Defendants and Does 1 through 10)

COMPLAINT FOR DAMAGES

1    49.    Plaintiff hereby realleges and incorporates by this reference paragraphs 1 through

2    48 of the Complaint, as if fully set forth herein.

3    50.    Upon granting an employee a CFRA and/or FMLA leave, the employer shall

4    guarantee reinstatement to the same or comparable position and shall provide the guarantee in

5    writing upon the request of the employee. Employment in a comparable position means

6    employment in a position that is virtually identical to the employee's original position in terms of

7    pay, benefits, and working conditions, including privileges, perquisites, and status. It must

8    involve the same or substantially similar duties and responsibilities, skill, effort, and authority,

9    must be performed at the same or geographically proximate work site, and ordinarily means the

10   same shift or same or equivalent work schedule.

11   51.    Defendants failed to comply with their above-stated legal duties and are guilty of

12   not holding open the Plaintiff's position for him upon return and not guaranteeing reinstatement

13   of Plaintiff to his same position as required under CFRA and FMLA. [See 29 USC § 2601 *et seq.*

14   Implementing regulations are contained in 29 CFR Part 825; Ca Govt § 12945.2; 12:869; 2 Ca

15   Adc § 7297.2(a)].  Defendants also failed to comply with their notice and posting obligations, see

16   for example 2 Ca Adc § 7297.9(a) et seq and 2 Ca Adc § 7297.4(a) et seq and 29 CFR § 825.300

17   et seq.

18   52.    Defendants' conduct as alleged constitutes an unlawful employment practice in

19   violation of the CFRA and FMLA.

20   53.    As a direct, foreseeable, and proximate result of Defendants' unlawful acts,

21   Plaintiff has suffered and continues to suffer substantial losses in earnings and job benefits, and

22   has suffered and continues to suffer mental and emotional distress, all to Plaintiff's damage in an

23   amount within the jurisdictional limits of this Court, to be established according to proof at trial.

24   54.    Defendants committed the acts described in this complaint oppressively,

25   fraudulently, and maliciously, and/or with conscious disregard to Plaintiff's rights, entitling

26   Plaintiff to an award of punitive damages against Defendants in an amount appropriate to punish

27   and make an example of Defendants.

28   WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as set

COMPLAINT FOR DAMAGES

forth hereinbelow.

## SEVENTH CAUSE OF ACTION

### RETALIATION

**(In Violation of Fair Employment and Housing Act, Cal. Gov. Code § 12900 *et seq.*)**

(Against All Defendants and Does 1 through 10)

55.    Plaintiff hereby realleges and incorporates by this reference paragraphs 1 through 54 of the Complaint, as if fully set forth herein.

56.    Plaintiff has a mental disability and is thus a member of a protected class under the Fair Employment and Housing Act.

57.    Defendants unlawfully retaliated against Plaintiff due to Plaintiff's mental disability and due to his assertion of his disability related legal rights.

58.    Defendants' conduct as alleged in this complaint constitutes an unlawful employment practice in violation of Cal. Gov. Code §12900 *et seq*.

59.    As a direct, foreseeable, and proximate result of Defendants' unlawful acts, Plaintiff has suffered and continues to suffer substantial losses in earnings and job benefits, and has suffered and continues to suffer depression, anxiety, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount within the jurisdictional limits of this Court, to be established according to proof at trial.

60.    Defendants committed the acts described in this complaint oppressively, and maliciously, and/or with conscious disregard for Plaintiff's rights, entitling Plaintiff to an award of punitive damages against Defendants in an amount appropriate to punish and make an example of Defendants.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as set forth hereinbelow.

## EIGHTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

(Against All Defendants and Does 1 through 10)

61.    Plaintiff hereby realleges and incorporates by this reference paragraphs 1 through

COMPLAINT FOR DAMAGES

60 of the Complaint, as if fully set forth herein.

62.     Plaintiff has a mental disability and is thus a member of a protected class under the Fair Employment and Housing Act.

63.     Defendants unlawfully terminated Plaintiff due to Plaintiff's mental disability in violation of fundamental public policy.

64.     Defendants' conduct as alleged in this complaint constitutes an unlawful employment practice in violation of Cal. Gov. Code §12900 *et seq*. and in violation of Labor Code §132a and in violation of fundamental public policy as set forth in <u>Tameny</u> and like cases.

65.     As a direct, foreseeable, and proximate result of Defendants' unlawful acts, Plaintiff has suffered and continues to suffer substantial losses in earnings and job benefits, and has suffered and continues to suffer depression, anxiety, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount within the jurisdictional limits of this Court, to be established according to proof at trial.

66.     Defendants committed the acts described in this complaint oppressively, and/or maliciously, and/or with conscious disregard to Plaintiff's rights, entitling Plaintiff to an award of punitive damages against Defendants in an amount appropriate to punish and make an example of Defendants.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as set forth hereinbelow.

## NINTH CAUSE OF ACTION

### NEGLIGENCE

(Against All Defendants and Does 1 through 10)

67.     The allegations set forth in paragraphs 1 through 66 are incorporated herein by reference.

68.     Defendants had a duty to exercise reasonable care and prudence to provide a safe, healthful, non-hostile, non-harassing, non-discriminatory, non-retaliatory working environment, which duty they breached.  Defendants also had a duty to exercise reasonable care and prudence to take all reasonable steps to prevent harassment, discrimination and/or retaliation from

12

1  occurring, which duty they breached.  Defendants also had a duty to provide leaves of absence,

2  accommodations, and reinstatement to same position, which duties they breached.

3      69.     Defendants' breaches of duty was the actual and proximate cause of damages

4  suffered by Plaintiff.

5      WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as set

6  forth hereinbelow.

7                    **TENTH CAUSE OF ACTION**

8                      **VIOLATION OF ADA**

9             (Against All Defendants and Does 1 through 10)

10     70.     The allegations set forth in paragraphs 1 through 69 are incorporated herein by

11  reference.

12     71.     The Americans with Disabilities Act (ADA) protects disabled persons from

13  employment discrimination in the terms, conditions and privileges of employment. The ADA's

14  employment-related provisions incorporate the enforcement powers, remedies and procedures of

15  Title VII of the Civil Rights Act of 1964. [42 USCA § 12117(a), citing 42 USCA §§ 2000e-4,

16  2000e-5, 2000e-6, 2000e-8 & 2000e-9; see Lutz v. Glendale Union High School (9th Cir. 2005)

17  403 F.3d 1061, 1067]

18     72.     Plaintiff was an "employee" (not an independent contractor).

19     73.     Plaintiff had a "disability" within the meaning of the ADA.

20     74.     Plaintiff was a "qualified individual" capable of performing the essential functions

21  of the job either with or without reasonable accommodation.

22     75.     Plaintiff was unlawfully discriminated against because of his disability.  Plaintiff's

23  disability was a motivating factor of Defendants' discrimination, disparate treatment,

24  termination, and refusal to reinstate to same position and refusal to provide accommodations.

25  The employer's duty to provide reasonable accommodations is a continuing one and is not met by

26  a single effort. [McAlindin v. County of San Diego (9th Cir. 1999) 192 F.3d 1226, 1236].  "(T)he

27  presumption is that the accommodation is required unless the employer can demonstrate that the

28  accommodation would impose an undue hardship." [McAlindin v. County of San Diego (9th Cir.

13

1   1999) 192 F.3d 1226, 1237].  "Once an employer becomes aware of the need for accommodation,

2   that employer has a mandatory obligation under the ADA to engage in an interactive process with

3   the employee to identify and implement appropriate reasonable accommodations." [Humphrey v.

4   Memorial Hosps. Ass'n (9th Cir. 2001) 239 F.3d 1128, 1137; EEOC v. Sears, Roebuck & Co.

5   (7th Cir. 2005) 417 F.3d 789, 805-808].

6          76.    The ADA does not specifically define "reasonable accommodation" but instead

7   describes it by examples which include making facilities readily accessible to disabled

8   individuals, job restructuring, part-time or modified work schedules, modified equipment or

9   devices, etc. [See 42 USCA § 12111(9)(B)].  The employer must engage in a good faith

10  interactive process with a disabled employee to determine the nature and extent of

11  accommodation necessary. As part of that process, the employer must identify and consider

12  possible accommodations that would enable the disabled employee to perform the job's essential

13  functions.  Accommodation means the disabled employee gets the job if he or she is qualified for

14  it, even if this means a preference in favor of the disabled employee. [Smith v. Midland Brake,

15  Inc. (10th Cir. 1999) 180 F.3d 1154, 1167 (en banc)].  Where there are several possible

16  reasonable accommodations, the "preferred option" is an accommodation that keeps the

17  employee in his or her existing job (rather than transfer or reassignment). [Smith v. Midland

18  Brake, Inc. (10th Cir. 1999) 180 F.3d 1154, 1171 (en banc)]. Absent an undue burden, the

19  employer should give effect to the employee's preference among several reasonable

20  accommodations. [See Dutton v. Johnson County Bd. of County Comm'rs (D KS 1994) 859

21  F.Supp. 498, 507].

22         77.    Defendants committed the acts described in this complaint oppressively, and/or

23  maliciously, and/or with conscious disregard to Plaintiff's rights, entitling Plaintiff to an award of

24  punitive damages against Defendants in an amount appropriate to punish and make an example

25  of Defendants.

26         WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as

27  follows:

28         1.     For all general damages and compensatory damages in an amount to fully

14

1    compensate Plaintiff according to proof;

2    2.    For special damages, as applicable, according to proof;

3    3.    For loss of all earnings and benefits, plus interest, according to proof;

4    4.    For punitive and exemplary damages, as applicable, according to proof;

5    5.    For all attorney fees and costs and expert witness fees pursuant to applicable

6          statutes, including Cal. Gov. Code §12965(b);

7    6.    For incidental and/or consequential damages, if any, according to proof;

8    7.    For prejudgment and postjudgment interest;

9    8.    For all mental and emotional distress;

10   9.    For reinstatement, backpay and frontpay and statutory penalties as applicable;

11   10.   For such other and further relief as the Court deems just and equitable.

12                          **DEMAND FOR JURY TRIAL**

13        Plaintiff hereby demands a trial by jury to the fullest extent allowed by law.

14   DATED: November 6, 2007                LAW OFFICES OF NATHANIEL POTRATZ

15

16                                   By: /s/ NATHANIEL POTRATZ
                                          NATHANIEL POTRATZ, Esq.
17   _____          Attorney for Plaintiff

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES